**J. D. WILLIAMS, Individually and d/b/a Salvage Lumber Yard, Appellant,**

v.

**Oswald SPERLICH, Appellee.**

No. 4061.

Court of Civil Appeals of Texas.

Waco.

Nov. 15, 1962.

Lang, Byrd, Cross, Ladon & Oppenheimer, San Antonio, on appeal only, for appellant.

House, Mercer, House & Brock, San Antonio, for appellee.

WILSON, Justice.

Appellant's eight points, in this personal injury case, assert the court erred in overruling objections to the charge, or erred in instructions given.

No objections to the charge appear in the record. They may not be first urged here, and were waived. Rules 272, 274, Texas Rules of Civil Procedure.

It is urged there is no evidence of reasonableness of cost of hearing aids, included as an element of damages, and no evidence of causal connection between the accident and alleged loss of hearing.

The only assignment in the motion for new trial which could have called the absence of evidence of reasonableness to the court's attention was that which alleged "the jury was guilty of misconduct" in considering medical expenses, "although there was no competent evidence admitted at the trial as to the *amount* of such medical expenses". The assignment does not support the point under Rules 320, 321.

The only assignments in the motion for new trial which sought to specify the ground of absence of evidence of causal connection were to the effect that the court erred in admitting, "over the objection of defendant", evidence concerning loss of hearing "which was not supported by competent medical evidence"; that the evidence of one witness was a conclusion; and the evidence admitted should have been stricken. These allegations do not specify the ground upon which reversal is asked under Rule 320. Appellant did not object to the evidence which was admitted, and did not move to strike it. Counsel on appeal did not participate in the trial. No point of error is preserved for review. Collins v. Smith, 142 Tex. 36, 175 S.W.2d 407; Wagner v. Foster, 161 Tex. 333, 338, 341 S.W.2d 887, 890; City of Austin v. Daniels, 160 Tex. 628, 335 S.W.2d 753, 759, 81 A.L.R.2d 1180.

Affirmed.