**BITUMINOUS CASUALTY CORPORATION,**
Appellant,

v.

**R. D. MOORE, Appellee.**

No. 157.

Court of Civil Appeals of Texas.

Tyler.

Nov. 4, 1965.

Rehearing Denied Dec. 2, 1965.

Tracy Crawford, Ramey, Brelsford, Flock & Devereux, Tyler, for appellant.

Dean Jorgenson, Gallagher, Wilson, Berry & Jorgenson, Dallas, Crawford Parker, Jr., Carthage, for appellee.

SELLERS, Justice.

This is a workmen's compensation case, tried to a jury. Upon the jury verdict the court entered judgment for the plaintiff and defendant has appealed.

The first three points of error complained of by the appellant is to the effect that the

court erred in overruling defendant's objections to the court's charge.

■ The record on appeal does not contain any exceptions and objections to the court's charge; and for this reason, this court cannot consider said assignments.

"Where no objections to alleged erroneous charge appeared in record, such objections could not be first urged in Court of Civil Appeals and were considered waived. Rules of Civil Procedure, rules *272, 274.*"

Williams v. Sperlich, Tex.Civ.App., 362 S. W.2d 204.

"Error, if any, in trial court's charge casting burden of proof on plaintiffs, cannot be considered on defendant's appeal from judgment on jury's finding for plaintiffs, in absence of objections and exceptions to such charge. Rules of Civil Procedure, rules *272, 274.*

Southwestern Hotel Co. v. Rogers, Tex. Civ.App., 183 S.W.2d 751.

■ The appellant complains of the following proceedings:

"In Plaintiff's cross-examination of the Defendant's witness, Dr. Downs, Plaintiff's attorney was having the doctor read from the hospital records introduced as Defendant's Exhibits 4 and 5, and the following dialogue took place:

"Q. Now at seven o'clock, and I don't know whether this is A.M. or P.M.—I guess day report, must be in evening, I suppose, certain medication was given. What was that?

"A. Darvon compound, 65.

"Q. What was it for?

"A. Pain in leg and something else I can't read.

"Q. That has been marked over, hasn't it, Doctor? I looked at it

quite a while and I'll give you a chance, but I'm sure that says 'back' underneath there.

"MR. CARROLL: Do you want to get on the stand and testify to that, Mr. Jorgenson? We object to that statement of counsel, Your Honor, and ask that it be stricken from the record.

"THE COURT: I'll sustain it and order it stricken. The jury will disregard it at this point, gentlemen."

If this was error we think it was surely cured by the court's immediate instructions to the jury not to consider the same.

■ Another complaint of appellant is to the action of the court in sustaining appellee's objection to appellant's cross examination of Doctor Pope on the ground that the appellant's cross examination was repetitious.

Out of the presence of the jury the appellant secured the following evidence from Doctor Pope:

"Q. Dr. Pope, you were asked the question substantially as follows: 'Will you state for the record if you do not state that this man has a ruptured disc, what his injury—what you say his injury is? Not what it might be, not what it could be, but what in your opinion his injury is?

"A. I think that he has a ruptured disc.

"Q. It is your opinion, based on your examination of this man * * *

"A. That's my opinion.

"Q. * * * that he has a ruptured or herniated intervertebral disc?

"A. I think so."

We are of the opinion that the same evidence is in the record and the court did not err in his ruling. The manner and extent of cross examination must rest largely in the

discretion of the trial court. Texas Employers' Insurance Association v. Spivey, Tex.Civ.App., 286 S.W.2d 197.

■ The transcript in this case was filed in this court on the 14th day of April, 1965. Appellant's brief was filed on May 14, 1965, and appellee's brief was filed in this court on June 7, 1965. On July 15, 1965, this court set this case for submission and oral argument on September 23, 1965, at which time the case was heard on oral argument, and this court has had the cause under consideration since that time.

On November 2, 1965, the appellant filed in this court application to be permitted to bring up an amended transcript of the record which includes a number of instruments not contained in the original transcript; such as, the appellant's objections and exceptions to the court's charge, bills of exception, and jury arguments by counsel. In this motion it is stated that the omission of these instruments from the transcript is due to no fault or inattention of appellant. No other excuse for the delay is offered. This court considered the application to file the amended transcript and the same is denied. To grant the same would, in our opinion, be a flagrant violation of Rule 413. This rule provides:

"A cause will be properly prepared for submission only when a transcript of the record exhibits a cause prepared for appeal in accordance with these rules, and filed in the court under the rules, with briefs of one or of both the parties. All parties will be expected, before submission, to see that the transcript of the record is properly prepared."

This rule has been interpreted in the case of DeLeon v. Texas Employers Ins. Ass'n, Tex.Civ.App., 159 S.W.2d 574, where it was held:

"Under Rules of Civil Procedure, it is duty of an appellant, as a party, to see that transcript of the record is properly prepared, and the authority to

allow corrections of the record after submission should not be exercised so as to permit alterations relating to alleged inaccuracies, defects or omissions of which party seeking the alteration or correction had notice prior to submission of the appeal. Rules of Civil Procedure, rule 413."

Finding no error in the record, the judgment of the trial court is affirmed.