**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**O. H. McCLELLAN, Sr., Appellee.**

**No. 8293.**

Court of Civil Appeals of Texas, Amarillo.

Feb. 12, 1973.

Rehearing Denied March 5, 1973.

Underwood, Wilson, Sutton, Heare & Berry, R. A. Wilson, Amarillo, for appellant.

Edwards, Smith & Associates, Carson Smith, Amarillo, for appellee.

JOY, Justice.

This workmen's compensation suit is here appealed from a judgment against Texas Employers' Insurance Association for total and permanent incapacity in favor of plaintiff, O. H. McClellan. Reversed and remanded.

Appellant, Texas Employers' Insurance Association, first contends no evidence and against the great weight and preponderance of the evidence to sustain the jury's answers of total incapacity beginning on December 4, 1970. McClellan, appellee, was employed as a general foreman supervising other foremen and crews in the business or occupation referred to as "pipe fitting" which involves the installation of pipe systems for industrial and domestic plant and building uses. We will summarize the facts generally in the terms and language as taken from the testimony of McClellan and his wife, the only two witnesses in the trial court. McClellan had been in good physical condition in the years prior to 1970, with earlier industrial injuries from which he had fully recovered. He had been treated for a bleeding internal ulcer in 1968 requiring hospitalization for a period of time and approximately six blood transfusions. The doctor at that time also discovered that he was a diabetic. McClellan had no further trouble until December 4, 1970, when he was involved in an accident while riding as a passenger in a pickup driven by the superintendent, a Mr. Taylor. Taylor had backed the pickup into a bar ditch with sufficient force that the axle came to rest upon a concrete culvert some 18 inches in height requiring the use of a crane to remove the pickup. McClellan's back struck the seat and his head struck the windshield, with his chest

and stomach striking the dash of the pickup. An arm rest located on the door struck him in the side causing visible bruises. He felt as if his ribs and backbone had been torn loose and became sick at his stomach shortly after the accident. McClellan completed the day's work, although he was in pain, spending most of the remainder of the day in the pickup or welding shop. Upon going home that night he went to bed and spent Saturday and Sunday at home doing nothing as his back and stomach were bothering him. Shortly after the accident and on the same day, he started having dark stools indicating an internal bleeding, this for the first time since the hospitalization some two years prior to the accident. He then worked the following Monday, Tuesday and Wednesday without performing any physical work but doing supervisory work of a foreman. On Wednesday night, some five days following the accident, McClellan was hospitalized and an operation performed upon his stomach with the doctor "burning" the ulcers. McClellan was off work for some 70 days at the end of which time he returned to his regular job as general foreman. From that time until the time of trial he missed only approximately one week of work but was unable to perform the physical type of work of a pipe fitter. However, a foreman was not permitted by union rules to perform the work of a pipe fitter, which was generally a physical type of work. He further testified that he had numbness in his left leg, that his back and neck gave him trouble and that he had a stiff neck. His testimony was that he felt he was getting worse instead of better. Mrs. McClellan's testimony generally corroborated that of McClellan. McClellan had seen three different doctors during the period between the accident and the date of trial, one doctor only once and the other two doctors a few times. No medical testimony was offered at the trial by either of the parties. Appellant cites Griffin v. Texas Employers' Insurance Association, 450 S.W. 2d 59 (Tex.Sup.1969) in support of its contention that medical testimony was necessary to prove a producing cause of the disability or incapacity of McClellan. We think that case is sufficiently distinguishable on the facts as to not be controlling here. We observe, however, that a portion of the opinion discusses situations analogous to appellee's position in this case. The court in Griffin stated at page 61:

"We stated in Parker v. Employers Mutual Liability Insurance Co., 440 S.W. 2d 43 (Tex.Sup.1969) that lay testimony is adequate in some cases to prove producing cause because the general experience or common sense of men is such that they can anticipate one event generally will follow another. . . . In some cases, lay testimony supplied this necessary proof by showing such circumstances as the nature and seriousness of the original injury; . . . or the progressive worsening of the condition. In such cases, lay proof of a sequence of events provided a strong, logically traceable connection between cause and result."

In Insurance Company of North America v. Kneten, 440 S.W.2d 52 (Tex. Sup.1969), Justice Greenhill in a concurring opinion stated at page 56:

"It seems to me that the case stands for this: we give a liberal construction in workmen's compensation cases; and we think that juries should be entitled to decide causation with or without medical testimony in areas of common experience."

Also, he states at page 54:

". . . If the opinion holds that in certain areas of workmen's compensation cases where there is a good deal of common and judicial medical knowledge, the jury will be permitted to determine causation without, or even in spite of, expert medical testimony, then I can agree with the result."

The Kneten case involved a heart attack which, in our opinion does not involve as

much certainty, from a common medical knowledge standpoint, or common experience, as the case at hand. We are of the opinion that laymen have a degree of understanding of an ulcer, including the cause, symptoms and effects thereof, that exceeds their understanding of the cause, symptoms and effects of heart attacks. Ulcers are open sores formed by the disintegration of bodily tissues and commonly caused by bacterial or parasitic infection, faulty nutrition or chemical action. See Webster's Dictionary of Synonyms. A blow, even slight, upon an ulcer can cause bleeding. Therefore, it is a reasonable inference that an internally located ulcer may be caused to bleed as a result of a traumatic blow to the body such as described by the uncontradicted testimony of O. H. McClellan. This is especially so when the bleeding commenced within a few hours of the injury and continued for a period of four to five days, terminating only upon the performance of abdominal surgery. We do not think the jury's answers rested upon pure speculation and conjecture, but upon the reasonable inference that the pre-existing ulcerous condition was aggravated or incited by the injuries resulting from the accident. Viewing only the evidence favorable to the answers, we find some evidence of probative force. In considering all of the evidence, we do not find the answers against the great weight and preponderance thereof.

■ Appellant's next two points of error are complaints against the jury's finding of total and permanent incapacity. Again, we find only the testimony of McClellan and wife that McClellan's physical condition is getting worse instead of better, and that since the accident, he has had difficulty in lifting objects and otherwise performing manual work or duties requiring physical exertion. However, we also find that McClellan has been continuously employed for a period of approximately two years following his return to work after the abdominal surgery, except for a short period of time, performing the same work of a foreman that he had performed for some time prior to the accident. As stated in Montoya v. American Employers Insurance Company, 426 S.W.2d 661 (Tex. Civ.App.—El Paso 1968, writ ref'd n. r. e.):

" . . . But the fact remains that there must be some pertinent facts bearing on an incapacity to work which will last throughout the life of the claimant. Otherwise, the situation becomes one of placing too great a burden and too much responsibility on the court or jury, and leaves the outcome entirely too vulnerable to speculation, as found by this court in Travelers Insurance Co. v. Linder, Tex.Civ.App., 368 S.W.2d 797, n. r. e."

In Texas Employers' Insurance Association v. Hawkins, 387 S.W.2d 469 (Tex.Civ. App.—Amarillo 1965, writ ref'd n. r. e.), wherein the claimant returned to work some ten weeks after an injury and worked continuously for a period of three years prior to the trial, Hawkins, the claimant, was a boilermaker foreman or subforeman and this court stated at pages 471–472:

" . . . A boilermaker foreman or subforeman are related occupations to claimant's pre-injury trade. It is uncontradicted Hawkins was a highly competent and qualified boilermaker subforeman and foreman. The evidence is clear Hawkins' condition did not, in the three years between the injury and second trial, prevent him from procuring and retaining regular, well-paying employment in the same field he was engaged in prior to the injury. In our opinion his work record is not one of a person totally incapacitated. He had a continuing earning capacity."

See also Texas Employers' Insurance Association v. Brown, 408 S.W.2d 931 (Tex. Civ.App.—Amarillo 1966, writ ref'd n. r. e.), and Travelers Insurance Co. v. DeLeon, 456 S.W.2d 544 (Tex.Civ.App.—Amarillo 1970, writ ref'd n. r. e.). Although there is some evidence favorable to the answer of the jury of total and perma-

**950**

nent incapacity, we hold that the total evidence requires us to find that the answer of total and permanent incapacity is so against the great weight and preponderance of the evidence as to be unjust.

In view of our disposition of the case, the other errors complained of may not arise in the next trial. Therefore, we will forego any discussion of same in this opinion.

The judgment of the trial court is reversed and the cause remanded for new trial.