**The TRAVELERS INSURANCE COMPANY, Appellant,**

v.

**Juliana G. PACHECO, Appellee.**

**No. 6307.**

Court of Civil Appeals of Texas, El Paso.

July 3, 1973.

———◆———

Turpin, Smith, Dyer, Harman & Osborn, Max N. Osborn, Midland, for appellant.

Tom Sneed, Odessa, for appellee.

OPINION

WARD, Justice.

■ This is a workmen's compensation case. Upon a jury verdict, judgment was rendered for the plaintiff, Mrs. Juliana Pacheco, that she recover for permanent partial incapacity. The appeal complains only of those jury findings which determined that the partial incapacity was permanent and that her wage-earning capacity during the partial incapacity was $30.00 per week. We affirm.

The points are that there was no evidence to support the finding of the jury that the plaintiff's duration of partial incapacity was permanent, that there was insufficient evidence, and that such finding was contrary to the great weight of the evidence. The same contentions are made to the finding that the plaintiff had an average weekly wage-earning capacity during the period of partial incapacity of $30.00 per week. In passing on the no evidence points we will consider only the evidence favorable to the findings of the jury. In this regard, the review is simple as only the plaintiff testified. There is no medical.

Mrs. Pacheco stated that she was 45 years of age at the time of the accident, had to support two minor children, and was separated from her husband. When the husband did return to her a year later, he offered no support as he was alcoholic. She was employed at the Odessa Country Club as a salad maker, working eight hours a day, six days a week. It was stipulated

that at that time her average weekly wage was seventy dollars a week. On December 16, 1969, she fell in the kitchen at her place of employment, hurting her ankle, back and arm. Though she was limping and her arm was swollen she continued to work but three days later her employer suggested that she see a doctor. She went to her own doctor who x-rayed her leg and prescribed pills and an elastic bandage for the ankle, which she still wears. From the accident, she received a big lump on her ankle, which has never subsided, and at the time of the trial, held some two years and four months after the accident, she exhibited the swollen ankle to the jury. She further testified that she had never been bothered with her ankle and back before the accident but that after the accident the pain in her ankle and back has progressively worsened; that after three or four hours of work she is not able to stand on her feet as her ankle and back start to hurt; and that she is then in pain the rest of her shift. In this regard, she stated that she was not able to work eight hours at a time like she used to but could work three or four hours a day without pain, and that thereafter her leg hurt her and she would be in pain all night and would have to use pillows under her leg to obtain any relief when she went to bed. She testified that she continued at the same rate of pay and work hours at the country club until February or April, 1970, when she quit after a dispute over more money. Thereafter, she has not been able to hold steady work although she had worked at some seven different locations as a cook. From cross-examination as to her work record, it was established that during the two years and four months from the time of her injury, she has not been able to work for various periods totaling a year's time. She worked rather regularly at first but as her pain progressed and her limp increased, she could obtain only part-time employment. She further stated that she was unable to obtain and retain employment because prospective employers would not hire her because she could not work as fast in the kitchen as she used to and that they could see that she was limping. She worked when she did because of economic necessity in order to support her children even though she was physically incapable. Without objection, she was permitted to testify that she felt that she would never be able to resume her full duties and her full work capacity and further that the condition would remain with her the rest of her working life because she would be limping the rest of her life. The appellant, as noted, offered no evidence, other than to cross-examine the plaintiff.

Having considered only the evidence and the inferences therefrom tending to support the findings concerning the duration and the extent of the disability, those points raising the legal insufficiency of the evidence are overruled. Testimony is before us that the disability was permanent and the extent is repeatedly reflected. The direct and circumstantial evidence from the lay witness was sufficient in this case, and the jury obviously was convinced from their observation of her condition in the courtroom. The Travelers Insurance Company v. Wade, 373 S.W.2d 881 (Tex. Civ.App.—Dallas 1963, writ ref'd n. r. e.). The distinction here is apparent from those facts given in Montoya v. American Employers Insurance Company, 426 S.W.2d 661 (Tex.Civ.App.—El Paso 1968, writ ref'd n. r. e.).

Further, a review of the entire record satisfies us that the evidence is factually sufficient to support the jury's finding that the disability is permanent and that the weekly wage-earning capacity during the period of partial incapacity is $30.00 a week. It is true that appellee on cross-examination did admit that at most of the jobs she had after quitting the country club she received more than she made at the time of her injury, and was working the same number of hours a day and the same number of days a week as she had previously worked. The facts remain uncontradicted that the claimant was only working part time since the injury, had

been refused employment at various places and had missed considerable periods of time from work. That she has continued to work and earn money at the same or even a higher rate of pay as before the injury does not establish conclusively that she has not suffered loss of earning capacity, particularly where she worked of the necessity of providing for her children. The work and the wages are not conclusive on the issue of capacity but are evidentiary only to be considered along with the other evidence. Texas General Indemnity Company v. Hernandez, 388 S.W.2d 334 (Tex.Civ.App.—San Antonio 1965, no writ); Royal Indemnity Company v. Smith, 456 S.W.2d 218 (Tex.Civ.App.—Fort Worth 1970, no writ); Home Insurance Company v. Smith, 482 S.W.2d 395 (Tex.Civ.App.—Waco 1972, no writ). This is not a case of a continuous work record. Texas Employers' Insurance Association v. McClellan, 490 S.W.2d 946 (Tex.Civ.App.—Amarillo 1973, writ ref'd n. r. e.).

Appellant's points are overruled, and the judgment is affirmed.