**LIBERTY MUTUAL INSURANCE COMPANY, Appellant,**

v.

**Lawrence MARINER, Appellee.**

**No. 1783.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 24, 1978.
Rehearing Denied June 14, 1978.

Rex N. Leach, Ervin A. Apffel, Jr., Mcleod, Alexander, Powel & Apffel, Galveston, for appellant.

Roy E. Brown, Gene S. Hagood, Britt, Brown & Todd, Alvin, for appellee.

J. CURTISS BROWN, Chief Justice.

This is an appeal from a judgment in a suit to set aside an award of workers' compensation benefits by the Texas Industrial Accident Board.

Lawrence Mariner (appellee) sustained neck injuries on November 5, 1975 in the course and scope of his employment as a journeyman pipefitter. He filed a claim with the Industrial Accident Board for workers' compensation benefits. Liberty

Mutual Insurance Company (Liberty or appellant), the workers' compensation insurance carrier for Mariner's employer, appealed the Industrial Accident Board's award of benefits. On a trial de novo in the district court, a jury found that the appellee had been totally and permanently disabled. The appellant appeals from a judgment for $25,909.24 rendered in accordance with that verdict.

■ In its sole point of error, the appellant attacks the factual sufficiency of the evidence to support the jury's finding of total and permanent disability. In considering the appellant's factual insufficiency point, we must review all of the evidence, and we may set the finding aside only if it is so contrary to the overwhelming weight of all of the evidence as to be clearly wrong or manifestly unjust. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951). The appellant contends that the jury's finding is contrary to the overwhelming weight of all of the evidence because of the existence of the following three factors: (1) the appellee worked as a pipefitter foreman for thirteen months immediately following his injury; (2) the appellee obtained new employment after the injury and retained that employment up until the time of trial; and (3) the appellee's income has increased each year despite his injury. The appellant cites the following cases in support of its position: *Texas Employers' Insurance Ass'n v. McClellan,* 490 S.W.2d 946 (Tex.Civ.App.—Amarillo 1973, writ ref'd n. r. e.); *Commercial Insurance Co. of Newark, N. J. v. Kempe,* 440 S.W.2d 919 (Tex.Civ.App.—Dallas 1969, no writ); *Texas Employers' Insurance Association v. Hawkins,* 387 S.W.2d 469 (Tex.Civ.App.—Amarillo 1965, writ ref'd n. r. e.).

■ We disagree with the holdings in those cases. While those factors certainly should be considered in determining the extent and duration of the appellee's disability, they do not conclusively establish that his disability was neither total nor permanent. *Texas State Highway Department v. Kinsler,* 230 S.W.2d 364 (Tex.Civ.App.—Beaumont 1950, writ ref'd). The appellee

presented testimony that tended to establish the following facts: The appellee sustained permanent neck injuries that cause him to suffer constant, intense pain. Those injuries will worsen and will eventually require surgery. He has been unable to obtain employment as a pipefitter or do any kind of manual labor since his accident on November 5, 1975. He was able to obtain employment after the accident, however, as a pipefitter foreman, a supervisory position that requires relatively little physical exertion. The appellee has no assurance that he will be able to retain his supervisory position, and, because of his physical condition, he may experience difficulty in obtaining another job that involves such limited physical activity. That the appellee's income has increased each year since 1973, two years before he was injured, may be attributed to "cost-of-living" pay increases and to the difference between the union pay scale rates for pipefitters and pipefitter foremen. After carefully reviewing all of the evidence, we have concluded that there was sufficient evidence from which the jury could have determined that the appellee has been totally and permanently disabled. *See Texas Emp. Ins. Ass'n v. Wilson,* 563 S.W.2d 685 (Tex.Civ.App.—Fort Worth 1978, no writ history).

■ The appellee requests in a cross point that this court assess an additional ten percent penalty against the appellant because this is a frivolous appeal. *See Texas Employers' Insurance Association v. Dempsey,* 508 S.W.2d 858 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n. r. e.); Tex.R.Civ.P. 435, 438. We disagree with the appellee's characterization of this appeal as frivolous. The appellant's point of error raised a legitimate question concerning the sufficiency of the evidence to support the jury's finding.

The appellant's point of error and the appellee's cross point having been fully considered and overruled, the judgment of the trial court is hereby affirmed.

Affirmed.