**Rene Ramirez LOREDO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–00–524–CR.**

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 2001.

Rehearing Overruled Oct. 18, 2001.

Joseph A. Connors, III, Victoria Guerra, McAllen, for Appellant.

Theodore C. Hake, Asst. Crim. Dist. Atty., Cheryl Hole, Asst. dist. Atty., Edinburg, for the State.

Before Chief Justice VALDEZ and Justices YAÑEZ and CASTILLO.

## OPINION

Opinion by Chief Justice VALDEZ.

Appellant, Rene Ramirez Loredo, appeals from a punishment trial in which the jury assessed a life sentence for the offense of murder.[1] Prior to this appeal, this Court affirmed the trial court's original conviction but reversed as to punishment. From this subsequent assessment of punishment appellant appeals. Loredo argues that the trial court erred by refusing various questions during voir dire, attacks the court's ruling allowing evidence of appellant's bad acts, and asserts that the trial court erred in allowing the testimony of Norma Perez. Appellant raises thirty-three issues on appeal. We reverse the judgment and remand for a new punishment trial.

### Factual Background

A jury found appellant guilty of first degree murder in cause number CR–0590–94–B in the 93rd District Court of Hidalgo County, Texas. In cause no. 13–97–555–CR, this Court affirmed the May 6, 1997 judgment convicting appellant of murder but reversed the judgment as to punishment and remanded for a new punishment

---

1. This present appeal is a non-capital murder case, therefore, the holding in *Smith,* stating that a defendant in a capital murder penalty proceeding has no right to have the jury instructed concerning the law of parole, does not apply. *Smith v. State,* 898 S.W.2d 838, 846–53 (Tex.Crim.App.1995).

trial. During the voir dire phase of the second punishment trial, the defense sought to propose questions to the voir dire to which the State objected. At trial, the State objected to the form of the questions and on grounds that the defense counsel was contracting with the jury. The trial court sustained the State's objections and disallowed various lines of inquiry. A jury sentenced appellant to life imprisonment.

### Voir Dire Questioning

In appellant's first thirty-one points of error, he alleges that the trial court erred in sustaining the State's objections to defense questions during jury selection. Questions proposed by appellant's counsel to be used during voir dire consisted of: 1) consideration of the applicable law concerning parole;[2] 2) juror's determinations as to which goal of the Texas criminal justice system is most important; 3) whether "juror biases and prejudices" require assessment of punishment at a high or low level; 4) disposition as to truthfulness of witnesses; and 5) the effect of appellant's intoxication on punishment.

Appellant argues that he was denied effective use of his challenges for cause and peremptory challenges, and was denied a record to show that the sentencing jury contained one or more jurors who should have been dismissed upon challenge for cause. During voir dire, the following colloquy occurred:

MR. CONNORS: I'd like to discuss with you-all something called parole in the State of Texas. Is everybody aware—

MR. ORENDAIN: Objection as to improper, Your Honor, at voir dire, the discussion of parole law, Your Honor. It's specific, Judge, and we approach the bench. It's accepted, Judge, that we approach the bench. Mr. Connors—

THE COURT: Let's see where we are going, gentlemen. Come up here. (hearing at bench not reported.)

MR. CONNORS: Your Honor, for the record, may I read [sic] the jury a proposed jury charge, the applicable law on parole, and ask the jury if they could consider that law?

THE COURT: The court has already sustained the State's objection.

■ Generally, the right to examine each juror must be done within "reasonable limits" in order for counsel to "prepare himself for the intelligent exercise of the peremptory challenges." *Naugle v. State,* 118 Tex.Crim. 566, 569, 40 S.W.2d 92, 94 (Tex.Crim.App.1931). The appropriate standard of review regarding improper restriction on voir dire is whether the trial court abused its discretion. *Nunfio v. State,* 808 S.W.2d 482, 484 (Tex.Crim.App.1991). Error in the denial of a proper question which prevents the intelligent exercise of counsel's peremptory challenges is an abuse of discretion. *Shipley v. State,* 790 S.W.2d 604, 608 (Tex.Crim.App.1990); *Allridge v. State,* 762 S.W.2d 146, 163 (Tex.Crim.App.1988). Restriction of questions during voir dire amounts to constitutional error "only in very limited circumstances." *Jones v. State* 982 S.W.2d 386, 391 (Tex.Crim.App.1998) (finding constitutional error when a juror is excluded on the basis of race or opposition to the death penalty).

---

**2.** Appellant addresses the restriction of questions regarding parole in issues 1–4. Appellant argues that the misapplication of the law denied him the ability to make effective use of relevant challenges for cause, peremptory challenges, and rendered appellant unable to have a record showing that the sentencing jury contained one or more jurors who should have been dismissed for cause.

In *Lane v. State,* the Court of Criminal Appeals held it was an abuse of discretion for the trial court to restrict defense counsel's voir dire examination on the burden of proof. *Lane v. State,* 828 S.W.2d 764, 766 (Tex.Crim.App.1992). The court reasoned that such an inquiry was proper because it sought to discover views on an issue applicable to appellant's trial. *Id.* In this case, the fourth jury charge[3] given to the jury dealt specifically with parole. Furthermore, article 37.07 section 4 of the Texas Code of Criminal Procedure provides that "in the penalty phase of the trial of a felony case in which the punishment is to be assessed by the jury rather than the court ... the court shall charge the jury in writing as follows." TEX.CODE CRIM. PROC. ANN. art. 37.07 § 4 (Vernon Supp.2000). The subsequent jury charges listed in the statute contained the same instruction concerning parole that was used verbatim in appellant's jury charge. *Id.* As such, we hold that questions concerning whether jurors can follow the pertinent law concerning parole were proper because they were an issue applicable to appellant's punishment trial and because the statute provides for their inclusion. *Lane,* 828 S.W.2d at 766.

■ Further support for this proposition comes from the First Court of Appeal's decision in *Stringfellow,* reversing appellant's aggravated robbery conviction and remanding the case for a new trial. *Stringfellow v. State,* 859 S.W.2d 451, 453 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd). Justice Dunn, writing for a 2–1 split-panel ruling, reasoned that the trial court abused its discretion in denying the appellant's request to question the panel members about their ability to follow the trial court's instructions regarding parole. *Id.* In the present case, the record shows that upon defense counsel's request, to question the jury on whether they could consider the applicable law concerning parole, the trial court precluded any questions on the issue. Accordingly, the trial court abused its discretion in improperly limiting the scope of appellant's questions on voir dire. *Nunfio,* at 484.

■ Once error has been determined, a harm analysis must occur. *Gonzales v. State,* 994 S.W.2d 170, 171 (Tex.Crim.App. 1999). In *Gonzales,* the Court of Criminal Appeals, relying on its analysis in *Cain,* held that "except for certain ... constitutional errors ... no error is categorically immune [from] a harmless error analysis." *Id.* (citing *Cain v. State,* 947 S.W.2d 262 (Tex.Crim.App.1997)). The decision in *Gonzales* relied on *Fulminante* to give examples of structural errors. *Id.* (using the reasoning from *Arizona v. Fulminante,* 499 U.S. 279, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991)). The opinion listed various structural errors established by the Supreme Court. Id. (citing *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) (defendant denied the right to counsel); *Tumey v. Ohio,* 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927)(trial lacked an impartial judge); *McKaskle v. Wiggins,* 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984) (defendant denied the right to self-representation)). The Supreme Court has made no finding that failure to allow questions concerning parole is structural error and we decline to do so as well.

As to non-structural constitutional errors, constitutional provisions bear upon jury selection in a criminal case. See U.S. CONST. amend. VI; TEX. CONST. art. I, § 10. Included in the Sixth Amendment right to counsel is the right to have coun-

---

**3.** The charge of the court on punishment stated "It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole."

sel "intelligently exercise peremptory challenges." *Raby v. State*, 970 S.W.2d 1,10 (Tex.Crim.App.1998). Accordingly, the right to propound proper questions is of the "greatest importance." *Hernandez v. State*, 508 S.W.2d 853, 854 (Tex.Crim.App. 1974).

In the present case, the appellant argues that the resulting harm suffered was from his inability to properly challenge for cause and peremptorily strike each of the deliberating jurors.

 The right to ask questions of panel members is included in the right to counsel and is of constitutional magnitude in this state. *Graham v. State*, 566 S.W.2d 941, 953 (Tex.Crim.App.1978). When an error occurs in the questioning that results in the selection of the jury, there is a probability that the error will skew every act taken by counsel in connection with the denied questions because counsel has been improperly denied the right to have insight into the jurors' reactions to that area. *Gonzales v. State*, 2 S.W.3d 600, 606 (Tex. Crim.App.1999) (citing *Cain v. State*, 947 S.W.2d 262, 264 (Tex.Crim.App.1997)). This is the type of error that we rarely believe will be harmless. *Id.* Similarly, the trial court has broad discretion in determining admissibility of evidence at the punishment phase of the trial. *Cooks v. State*, 844 S.W.2d 697, 735 (Tex.Crim.App. 1992). We cannot, however, with any modicum of reality, claim to peer into the minds of the juror and determine what influenced their verdict. *Gonzales*, 994 S.W.2d at 171–72.

In *Rios v. State*, the First Court of Appeals faced an issue where appellant's voir dire was limited to forty-five minutes. *Rios v. State*, 4 S.W.3d 400, 404 (Tex. App.—Houston [1st Dist.] 1999, no pet.). Justice Cohen wrote that the standard of review for this type of harm was the standard set forth in Texas Rule of Appellate Procedure 44.2(b). In his analysis, he opined the following:

> We believe this harm from this error, like the erroneous granting of a jury shuffle in *Roberts* and the improper restriction on voir dire in *Gonzales* defies analysis, even though we have been ordered to analyze it and have tried to. The only way we can see to determine harm would be to have a motion for a new trial hearing and ask the jurors the forbidden voir dire questions. If they answered favorable to the defendant, would that prove he was not harmed? The answer is doubtful because we are dealing with peremptory strikes here, and the appellant might have used one even on a juror who, on a cold record answered favorably.

*Rios*, 4 S.W.3d at 404.

This analysis supports an understanding of the difficulty in effectively applying a harm analysis to errors made in limiting proper questions in voir dire.

 We hold that parole was an issue applicable to appellant's case and that, as a result of appellant's being unable to address or discuss this issue during the punishment trial, he suffered harm. Furthermore, this same result was reached in other cases after proper questions were similarly precluded from being asked during voir dire. *McGee v. State*, 35 S.W.3d 294, 298 (Tex.App.—Texarkana 2001, no pet.) (reversing defendant's conviction because he was prevented from asking relevant questions on voir dire concerning prior convictions); *Franklin v. State*, 23 S.W.3d 81, 83 (Tex.App.—Texarkana 2000, no pet.) (finding error harmful when the trial court refused the defense counsel to further question a juror concerning the relationship between juror and victim); *Gonzales v. State*, 2 S.W.3d 600, 603 (Tex. App.—Texarkana 1999, no pet.) (holding

error to be harmful after the trial court prohibited questioning the panel concerning the theory of necessity).

Because of our disposition in the first four points of error, regarding the appellant's preclusion from asking questions concerning parole during voir dire, we do not address the remaining points of error. TEX.R.APP. P. 47.1.

The judgment is REVERSED and the cause is REMANDED for a new punishment trial.