In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00055-CR


______________________________




DELVIN JAVAE GULLATTE, a/k/a


DELVIN JAVAE WATSON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 6th Judicial District Court


Lamar County, Texas


Trial Court No. 18374




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N


 Delvin Javae Gullatte, also known as Delvin Javae Watson, appeals his sentence
of fifteen years for the offense of burglary of a habitation. The jury also assessed a
$500.00 fine. (1) Gullatte first contends the trial court erred by refusing to allow defense
counsel to question the venire panel regarding parole issues under Article 37.07 of the
Texas Code of Criminal Procedure. In his second point of error, Gullatte contends the trial
court erred by denying Gullatte's motion for mistrial after the State introduced evidence of
an extraneous offense for which notice had not been previously given. For the reasons set
forth below, we affirm the trial court's judgment.

 In his first point of error, Gullatte contends the trial court erred by not allowing him
to question the prospective jurors regarding parole. "The trial court has broad discretion
over the process of selecting a jury." Barajas v. State, No. 415-99, slip op. at 3, 2002 WL
1380916, at *1 (Tex. Crim. App. June 26, 2002). "We leave to the trial court's discretion
the propriety of a particular question and the trial court's discretion will not be disturbed
absent an abuse of discretion." Id. "A trial court's discretion is abused only when a proper
question about a proper area of inquiry is prohibited." Id. 

 When the defendant has been found guilty of an Article 42.12, § 3g offense, or
when an affirmative deadly weapon finding has been entered by the trial court, Article
37.07 of the Texas Code of Criminal Procedure requires the trial court to charge the jury
as follows:

 Under the law applicable in this case, the defendant, if sentenced to
a term of imprisonment, may earn time off the period of incarceration
imposed through the award of good conduct time. Prison authorities may
award good conduct time to a prisoner who exhibits good behavior, diligence
in carrying out prison work assignments, and attempts at rehabilitation. If a
prisoner engages in misconduct, prison authorities may also take away all or
part of any good conduct time earned by the prisoner.

 It is also possible that the length of time for which the defendant will
be imprisoned might be reduced by the award of parole.

 Under the law applicable in this case, if the defendant is sentenced to
a term of imprisonment, he will not become eligible for parole until the actual
time served equals one-half of the sentence imposed or 30 years, whichever
is less, without consideration of any good conduct time he may earn. If the
defendant is sentenced to a term of less than four years, he must serve at
least two years before he is eligible for parole. Eligibility for parole does not
guarantee that parole will be granted.

 It cannot accurately be predicted how the parole law and good
conduct time might be applied to this defendant if he is sentenced to a term
of imprisonment, because the application of these laws will depend on
decisions made by prison and parole authorities.

 You may consider the existence of the parole law and good conduct
time. However, you are not to consider the extent to which good conduct
time may be awarded to or forfeited by this particular defendant. You are not
to consider the manner in which the parole law may be applied to this
particular defendant.


Tex. Code Crim. Proc. Ann. art. 37.07, § 4 (Vernon Supp. 2003); see Tex. Code Crim.
Proc. Ann. art. 42.12, § 3g (Vernon Supp. 2003).

 At trial, Gullatte's counsel attempted to ask the venire panel, "What about how long
he [Gullatte] would actually serve in prison, parole? What about if we sentence him to 'X'
number of years, when will he eventually get out?" Immediately following this question, the
State objected, and the trial court sustained the objection. Gullatte's attorney cited Article
37.07 for the proposition that a defendant may tell prospective jurors about parole during
voir dire. 

 Gullatte's question invited the venire panel to forecast how long Gullatte "would
actually serve in prison." Asking jurors to predict how parole will be applied to a particular
defendant is the exact matter the statute expressly forbids. Gullatte's question asked the
venire members to consider the date of his ultimate release "if [the jury] sentenc[ed] him
to 'X' number of years." Clearly, such question was improper because it would encourage
prospective jurors to engage in behavior otherwise prohibited by statute. Therefore, we
cannot say the trial court abused its discretion. See Barajas, 2002 WL 1380916 at *1 (no
abuse of discretion unless trial court prohibits proper inquiry into proper subject matter for
voir dire). 

 The Thirteenth Court of Appeals recently reviewed a situation where the trial court
prohibited a defendant from asking questions about parole during voir dire. In Loredo v.
State, 59 S.W.3d 289 (Tex. App.-Corpus Christi 2001, no pet.), the trial court prohibited
the defendant from asking the venire members about a proposed jury charge on parole
and whether they could follow the law regarding parole. Id. at 291. The Loredo court held
the trial court abused its discretion by prohibiting the defendant from asking his proposed
questions. However, Loredo is factually distinguishable from the case at bar in that
Loredo's questions did not ask venire members to speculate how parole might apply to
Loredo. In the matter at bar, the prohibited conduct would have been the precise effect
of Gullatte's question regarding parole. As discussed earlier, such speculation is not
permitted by jurors. We overrule Gullatte's first point of error.

 In his second point, Gullatte contends the trial court erred by failing to grant his
motion for mistrial after the State introduced evidence of a previously undisclosed
extraneous offense. Article 37.07, § 3(g) of the Texas Code of Criminal Procedure
provides, that on a timely request by the defendant, the State must give timely notice of its
intent to use extraneous offense evidence in the same manner as contemplated by Rule
404(b) of the Texas Rules of Evidence. Tex. Code Crim. Proc. Ann. art. 37.07, § 3(g)
(Vernon Supp. 2003); see Tex. R. Evid. 404(b). 

 The record before us suggests Gullatte asked the State to provide notice, before
trial, of its intent to offer evidence of any adjudicated or unadjudicated bad acts during the
punishment hearing. At trial, the State solicited evidence from a witness that, on April 30,
2001, Gullatte threatened a jailer during Gullatte's pretrial incarceration. The State's
pretrial notice of extraneous offenses did not include information regarding the April 30
incident. Gullatte objected to the introduction of this evidence based on the State's failure
to provide notice under Article 37.07, § 3(g). The trial court sustained Gullatte's objection,
but overruled his motion for mistrial after admonishing the jury to disregard any evidence
of the April 30 incident. 

 It is well settled that a trial court may cure testimony referring to or implying
extraneous offenses by instructing the jury to disregard such testimony "unless it appears
the evidence was so clearly calculated to inflame the minds of the jury or is of such
damning character as to suggest it would be impossible to remove the harmful impression
from the jury's mind." Kemp v. State, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992). 
Generally, we presume a jury follows the trial court's instructions. Colburn v. State, 966
S.W.2d 511, 520 (Tex. Crim. App. 1998); In re C.S., 79 S.W.3d 619, 624 (Tex.
App.-Texarkana 2002, no pet.) (Ross, J., concurring).

 In the case here, the testimony regarding the April 30 incident was inadmissible
because timely notice of the State's intent to introduce it into evidence had not been given
in advance of trial. Tex. Code Crim. Proc. Ann. art. 37.07, § 3(g). Therefore, the trial
court properly sustained Gullatte's objection and instructed the jury to disregard the
testimony. However, there was additional evidence of Gullatte making threats to other
jailers, including the victim of the April 30 incident, of which the State did provide advance
notice and which was properly admitted at trial without objection. Therefore, we do not
believe the testimony regarding the April 30 incident was so inflammatory as to undermine
the efficacy of the trial court's instruction to disregard. See Davis v. State, 642 S.W.2d
510, 512 (Tex. Crim. App. [Panel Op.] 1982) (trial court's instruction to disregard testimony
of extraneous robbery would have cured any error); Lusk v. State, 82 S.W.3d 57, 62 (Tex.
App.-Amarillo 2002, pet. ref'd) (trial court's instruction to disregard would have cured
improper testimony regarding defendant also assaulting defendant's child). Therefore, we
overrule Gullatte's second point of error.

 We affirm the judgment.



 Donald R. Ross

 Justice



Date Submitted: December 23, 2002

Date Decided: December 31, 2002


Do Not Publish

1. Gullatte pled guilty in this case and four others. He asked for a jury trial on
punishment in all five cases. After the jury's verdict, Gullatte gave notice of appeal in all
five cases. The merits of the companion cases, appellate cause numbers 06-02-00056-CR, 06-02-00057-CR, 06-02-00058-CR, and 06-02-00059-CR, are addressed in separate
opinions.