Ray Eugene LANE, Appellant

v.

The STATE of Texas, Appellee.

No. 1351–89.

Court of Criminal Appeals of Texas, En Banc.

April 29, 1992.

Michael Logan Ware, court appointed on appeal, Fort Worth, for appellant.

Tim Curry, Dist. Atty., C. Chris Marshall and David K. Chapman, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for State.

OPINION ON APPELLANT'S PETITION
FOR DISCRETIONARY REVIEW

BAIRD, Judge.

Appellant was convicted by a jury of robbery. The trial court assessed punishment at thirty years confinement. Tex. Penal Code Ann. § 12.42(d). On direct appeal, the conviction was reversed and an acquittal ordered, *Lane v. State*, 713 S.W.2d 223 (Tex.App.—Fort Worth 1986); however, we granted the State's petition for discretionary review, reversed the judgment of the Court of Appeals, and remanded the cause for consideration of appellant's remaining points of error. *Lane v. State*, 763 S.W.2d 785 (Tex.Cr.App.1989). On remand the Court of Appeals affirmed the judgment of the trial court. *Lane v. State*, 775 S.W.2d 875 (Tex.App.—Fort Worth 1989). We granted appellant's petition for discretionary review wherein appellant contends: The court of appeals erred in holding that the trial court did not abuse its discretion when it prevented appellant's counsel from questioning prospective jurors about their general definitions of "reasonable doubt." We will reverse the judgment of the Court of Appeals.

## I.

A brief recitation of the pertinent events at trial is necessary to fully address the issue presented. After a few introductory remarks from the trial judge, the State began its voir dire examination. During that examination the State made the following statements:

Now, there is no magical definition of what reasonable doubt is. I submit to you, though, that *it is merely a doubt based upon reason,* and it is a doubt that you, as an individual juror, must decide in your own mind.[1] That burden of proof is on the State to all of the elements of the offense, and we'll talk about that in just a little bit.

\* \* \* \* \* \*

Now, *it is a burden that does not mean beyond all doubt.* Is there anyone on the panel that would require the State to prove all of the elements beyond all doubt?

During appellant's voir dire examination, the following colloquy occurred:

[DEFENSE COUNSEL]: Okay. Mr. Yeatts, you've heard a lot of us talking about reasonable doubt. The Judge talked about it briefly, the Prosecutor talked about it, and I just touched on it, *but let me ask you personally, when we talk about that concept—and that is a legal concept in this criminal trial—what does that mean to you, reasonable doubt?*

[PROSECUTOR]: Your Honor, we're going to object. That's improper voir dire, asking the jurors their individual concept of reasonable doubt.

At this point an exchange occurred between the trial judge, the prosecutor and defense counsel and the following occurred:

[DEFENSE COUNSEL]: Okay. The Prosecutor had, I think, given or offered a definition to them, but I'll rephrase that question, Judge.

THE COURT: I think he said that—he did say it was a—what did you say, George? You said ——

[PROSECUTOR]: Your Honor, as I recall, I believe I said—I suggested it's just a doubt based upon reason, or ——

THE COURT: Yeah. Or that you wasn't asking them to—not any doubt, and then you went into the witness—the offense ——

[PROSECUTOR]: Yes, sir.

THE COURT: —with them.

[PROSECUTOR]: Yes, sir.

[PROSECUTOR]: We certainly have no objection to Counsel ——

THE COURT: Yeah.

[PROSECUTOR]: —for Defense submitting his supposition of what a reasonable doubt is. But asking an individual juror is....

THE COURT: Yeah, go ahead and do that, Counsel, and then you can ask them a general question on it. Or you might

---

1. Unless otherwise indicated, all emphasis herein is supplied by the author.

ask a specific individual question, if you won't try to tie them down.

[DEFENSE COUNSEL]: Okay. Mr.— is it Yeetts (phonics)?

VENIREMAN: Yeatts.

[DEFENSE COUNSEL]: Mr. Yeatts, let me ask it this way then. If—if you thought a defendant—now, I'm talking about a—just an abstraction—not this case, but in any criminal case, if you thought a defendant was probably guilty of the crime charged, would you find him guilty? I'm not talking about this case.

[PROSECUTOR]: Judge, again we're going to have to object. The question, as phrased, ties the juror down to a specific answer.

THE COURT: Yeah. I'll sustain it, Counsel.

The charge to the jury at the guilt/innocence phase of the trial contained the following:

In all criminal cases the burden of proof is upon the State. All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved *beyond a reasonable doubt,* and in case you have a *reasonable doubt* as to the defendant's guilt, you will acquit him and say by your verdict not guilty....

On direct appeal, appellant contended the trial judge erred in refusing to allow appellant to voir dire on what reasonable doubt meant to the venireman. However, the Court of Appeals, relying upon language in *Battie v. State,* 551 S.W.2d 401 (Tex.Cr. App.1977), as applied in *Dickerson v. State,* 740 S.W.2d 567 (Tex.App.—Fort Worth 1987, pet. ref'd), overruled appellant's point of error.

## II.

The disposition of this case is controlled by our decision in *Woolridge v. State,* 827 S.W.2d 900 (Tex.Cr.App.1992), where we addressed the identical issue. In *Woolridge* we held the State's burden of proof was an issue applicable to any criminal case and, therefore, both parties were entitled to question the potential jurors on their common understanding of the State's burden in order to determine how the burden would be applied by the jury. Consequently, we concluded that the trial judge abused his discretion in restricting the defendant's voir dire examination. *Id.* at ——.

In the instant case, the State's voir dire examination covered the burden of proof by defining reasonable doubt as "a doubt based upon reason" and later defining the burden in the negative, "it is a burden that does not mean beyond all doubt." Although the prosecutor had previously discussed his definition of reasonable doubt, defense counsel had not previously asked Yeatts any questions pertaining to reasonable doubt nor had Yeatts indicated his understanding of that term. The inquiry of Yeatts was proper because it sought to discover his views on an issue applicable to appellant's trial, *see Nunfio v. State,* 808 S.W.2d 482, 484 (Tex.Cr.App.1991), was not repetitious, and was not in an improper form. We find the instant case controlled by *Woolridge.* Therefore, we conclude the trial judge abused his discretion in restricting appellant's voir dire.

## III.

If a proper question is not allowed to be asked, the answer to the question need not be shown to establish harm. *Guerra v. State,* 771 S.W.2d 453, 468 (Tex.Cr.App. 1988). In *Nunfio* we concluded that this type of error was not subject to a harm analysis under Tex.R.App.Pro. 81(b)(2). *Nunfio,* 808 S.W.2d at 485. Therefore, reversal is required.

Accordingly, the judgments of the Court of Appeals and the trial court are reversed, and the cause is remanded to the trial court.

McCORMICK, P.J., and WHITE and BENAVIDES, JJ., dissent.