**Edward Eugene STRINGFELLOW, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 01–91–00956–CR, 01–91–00957–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

June 17, 1993.

Discretionary Review Refused Oct. 20, 1993.

David Cunningham, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Carol M. Cameron, Dan Rizzo, Asst. Dist. Atty., Houston, for appellee.

Before DUNN, DUGGAN and MIRABAL, JJ.

## OPINION ON MOTION
## FOR REHEARING

DUNN, Justice.

The State has moved for rehearing. We deny the State's motion for rehearing.

However, we withdraw our opinion of March 25, 1993, and substitute this opinion in its place to correct the citation errors. We reverse the appellant's conviction and remand for a new trial.

A jury found appellant, Edward Stringfellow, guilty of aggravated robbery, and assessed his punishment at life imprisonment and a $10,000 fine.

In 18 points of error, appellant appeals the court's judgment on the grounds of (1) improper restriction of voir dire, (2) improper overruling of his challenge of a venireperson for cause, (3) improper excusing of a disabled juror and proceeding with 11 jurors, (4) error in conducting a critical stage of the trial in appellant's absence, and (5) error in denial of his motion to suppress the testimony of the complainants, Nancy Mc Farland and William Kavanaugh, on the basis of suggestive pretrial identification procedures.

In points of error one through four, appellant asserts the trial court erred in not allowing appellant to question the venire about their ability to follow the court's instructions not to consider parole in their deliberations.

■ The standard of review where the defendant claims he was improperly restricted on voir dire is whether the trial court abused its discretion. *Nunfio v. State*, 808 S.W.2d 482, 484 (Tex.Crim.App. 1991). The propriety of the question that the defendant sought to ask is determinative of the issue. *Id.* A question is proper if it seeks to discover a potential juror's views on an issue applicable to the case. *Id.* The failure of the trial court to permit a proper question on an issue prevents the intelligent exercise of one's peremptory challenges and is an abuse of discretion, not subject to a harm analysis under TEX. R.APP.P. 81(b)(2). *Id.* at 485.

Before voir dire began, the following occurred:

Mr. Scardino (defense counsel): Defense counsel requests that we be allowed to voir dire on the issue of parole, that we anticipate that the charge that was used

yesterday, Mr. Stringfellow's aggravated robbery case, will be the same one that is used today. I can admit this for the purpose of my motion, but my motion is we be allowed to voir dire the jury on whether or not they could follow the law as it deals with parole in that the law says they are not to consider how much time a person could actually serve, but they are, nor are they allowed to know about the parole formula as it applies to, in general, in general but not to a particular defendant, and I request that I be allowed to voir dire on the issue.

Court: Motion denied.

During the actual voir dire, the following occurred:

Prospective juror: How, when you say life, how many years actually do they spend in prison?

Prosecutor: I can't talk about that. I'll have to refer that to the Court.

Court: We have a doctrine of separation of powers under our Constitution and that sounds kind of stiff and long winded ... [its] a long way of telling you that we can't talk about what the executive branch is doing. We can't talk about the Board of Pardons and Paroles. I can't tell you anything about it.

Before starting appellant's voir dire, appellant's counsel introduced, as an exhibit, the jury charge used in appellant's previous trial. The court's instructions relative to parole and good time laws at punishment were as follows:

Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the period of incarceration imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.

It is also possible that the length of time for which the defendant will be impris-

oned might be reduced by the award of parole.

Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served plus any good conduct time earned equals one-fourth of the sentence imposed or fifteen years, whichever is less. Eligibility for parole does not guarantee that parole will be granted.

It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

■ The colloquy between counsel and the bench, and the subsequent introduction of the jury charge, made it clear to the court the specific issue about which counsel wished to voir dire. The court's denial of his motion was sufficient to preserve this error for review.

■ Next, we must determine whether the issue of parole is an appropriate area of review, such that denial of counsel's request was reversible error. In *Lane v. State*, 828 S.W.2d 764, 766 (Tex.Crim.App. 1992), the Court of Criminal Appeals held it was an abuse of discretion for the trial court to restrict defense counsel's voir dire examination on burden of proof, specifically a venire person's views on the definition of "reasonable doubt." The court held that such an inquiry was proper because it sought to discover his views on an issue applicable to appellant's trial. *Id.*

Similarly, we hold whether the venire could obey the law that they are not to consider parole as it applies to the defendant, was an issue applicable to appellant's trial. *See* TEX.CODE CRIM.P.ANN. art. 37.07

§ 4 (Vernon Supp.1993). It follows that in limiting appellant's voir dire on whether the venire could follow the law on parole, we hold the trial court abused its discretion.

Appellant's challenge to the trial court's restriction of voir dire is sustained.

Because of our finding on these points of error, it is unnecessary to address appellant's remaining points of error.

The judgments are reversed and remanded for a new trial.

MIRABAL, J., dissents.

MIRABAL, Justice, dissenting.

I dissent.

The standard of review in a case where the defendant claims he was improperly restricted on voir dire is whether the trial court abused its discretion. *Nunfio v. State*, 808 S.W.2d 482, 484 (Tex.Crim.App. 1991). The propriety of the question that the defendant sought to ask is determinative of the issue. *Id.* A question is proper if it seeks to discover a juror's views on an issue applicable to the case. *Id.*

In the present case, the trial court instructed the jury not to consider parole:

> [Y]ou are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

Further, the trial court specifically admonished the jury during voir dire, as follows:

> We have a doctrine of separation of powers under our constitution and that sounds kind of stiff and long winded ... [its] a long way of telling you that we can't talk about what the executive branch is doing. We can't talk about the Board of Pardons and Paroles. I can't tell you anything about it.

The lesson of the trial court's jury instructions, as well as a plethora of cases dealing with alleged "*Rose* error," [1] is: the less said about the parole law, the better. In my opinion, parole was not an "issue applicable to the case," and the trial court did not abuse its discretion in denying appellant's request to voir dire regarding parole.

I would overrule appellant's points of error one through four, and would consider the remaining points of error.

---

1. *Rose v. State*, 752 S.W.2d 529 (Tex.Crim.App.    1987).