Issued July 26, 2007













Issued July 26, 2007

 

 

 

 

 

 



 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-03-00651-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



CHARLES EDWARD JONES, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 

 



On Appeal from the 263rd District Court

Harris County, Texas

Trial Court Cause No. 910961

 

 



OPINION
ON REMAND

 

          A
jury convicted Charles Edward Jones of possession of cocaine and assessed
punishment at thirty-five years’ confinement. 
On appeal, Jones contends that the trial court erred in refusing to
allow his counsel to question the venire about parole.[1] 

We initially affirmed the conviction
in a memorandum opinion, holding that the trial court committed constitutional
error, but that the error was harmless.  Jones v. State, No. 01-03-00651-CR (Tex. App.—Houston
[1st Dist.] Sept. 23, 2004).  Then, we
granted Jones’s motion for rehearing and issued a second opinion in light of
the Court of Criminal Appeals’s decision in Rich
v. State, 160 S.W.3d 575 (Tex. Crim. App. 2005), again affirming the
conviction, but this time under the harmless error analysis for
nonconstitutional error.  Jones v. State, No. 01-03-00651-CR, 2005 WL
3986068 (Tex. App.—Houston [1st Dist.] July 28,
2005).  After Jones petitioned
the Court of Criminal Appeals for discretionary review, we reconsidered the applicable
harmless error analysis in the interest of conforming to our own intervening
decision in Wappler v. State, 183 S.W.3d 765 (Tex.
App.—Houston [1st Dist.] 2005, pet. ref’d), and attempted to issue a third
opinion, but, because it issued more than 30 days after Jones had filed his
petition for discretionary review, it was ordered withdrawn.  See
Jones v. State, No. PD-0230-06, 2006 WL 1162324 (Tex. Crim. App. May 3, 2006).   

The Court of Criminal Appeals granted
Jones’s petition for discretionary review, clarifying that refusal to allow questioning of individual prospective jurors
regarding consideration of parole eligibility is
indeed constitutional error.  Jones v. State, 223
S.W.3d 379, 382 (Tex.
Crim. App.
2007). 
Accordingly, the Court of Criminal Appeals reversed this court’s
judgment and remanded the case for disposition consistent with its
holding.  Id.;
see Tex.
R. App. P. 44.2(a).

Background

Lieutenant
Stephen Casko of the Houston Police Department stopped a car because the driver
had not maintained a single lane of traffic. 
Jones was a passenger in the car, and Jones’s brother was the
driver.  Lieutenant Casko identified the
car’s occupants and checked their names for outstanding warrants.  Because he did not receive a report
indicating any outstanding warrants, Lieutenant Casko ended the stop and
allowed the driver to continue driving.

          Lieutenant
Casko’s computer system had been having problems that night.  About an hour after he had released Jones and
his brother, Lieutenant Casko received a delayed notification that Jones had an
outstanding warrant for his arrest.  Lieutenant
Casko went to Jones’s house, found Jones in the front yard, and placed him
under arrest.  Lieutenant Casko searched
Jones.  During the search, Lieutenant
Casko found a crack pipe in Jones’s left pocket and a pill bottle containing 24
rocks of crack cocaine in his right pocket. 

Questioning of the Venire about
Parole

          Jones
contends the trial court erred in refusing to allow his counsel to question the
venire about parole.  Specifically,
defense counsel asked the venire, in a group setting, the following question:

If I’m correct on the law, you may receive a jury
instruction from the court that you are not to discuss nor consider the matter
of parole in any kind of sentence you assess. 
I would like to ask, is there a juror here who would be unable to follow
that instruction[?]

 

The State objected to the question,
the trial court sustained the objection, and defense counsel noted its
exception to the ruling.  A trial court
abuses its discretion if it denies defense counsel the right to ask prospective
jurors a proper question because such a denial prevents the defendant from
intelligently exercising his peremptory strikes.  Barajas v. State, 93 S.W.3d 36, 38–39
(Tex. Crim.
App. 2002); Smith v. State, 703 S.W.2d 641, 643 (Tex. Crim. App.
1985).  This was a proper question, and
the trial court erred in refusing it.

          Under
Rule 44.2(a), a court of appeals must reverse unless it determines beyond a
reasonable doubt that the error did not contribute to the conviction or
punishment.  Tex. R. App. P. 44.2(a).  
We therefore must decide whether, beyond a reasonable doubt, the trial
court’s erroneous refusal to allow defense counsel to question the jury panel
about parole did not contribute to the conviction or punishment in this
case.  For the reasons we discuss, we
conclude that it did not.  

          In
Rich, the Court of Criminal Appeals set forth guidelines for
evaluating the harm resulting from the failure to allow a proper voir dire question:
whether, upon review of the entire record, anything evidences harm, including:  (1) any testimony or physical evidence
admitted for the jury’s consideration; (2) the nature of the evidence
supporting the verdict; (3) the character of the alleged error and how it might
be considered in connection with other evidence in the case; (4) the jury
instructions; (5) the State’s theory and any defensive theories; (6) closing
arguments; (7) voir dire; and (8) whether the State emphasized the error.  160 S.W.3d at 577–78.  Using the heightened Rule 44.2(a) standard of
review, we consider these factors.

          1.  Evidence admitted for the jury’s
consideration.

          The
jury did not hear evidence regarding the availability of parole during the
guilt/innocence phase of the trial nor during the punishment phase.  Including the evidence presented during both
phases of trial, the jury considered the testimony of four witnesses, physical
evidence of the confiscated drugs and drug paraphernalia, the warrant for
Jones’s arrest, and two penitentiary packets. 
Vernon Jones, Jones’s younger brother, testified about the traffic stop
but was not present at, and thus did not comment about, Jones’s arrest for drug
possession.  Lieutenant Casko testified
regarding the events leading up to Jones’s arrest, the circumstances of the
arrest, the discovery of the crack cocaine, and the process followed to ensure
the integrity of the physical evidence. 
Connie Dieringer, the chemist at the Houston Police Department crime lab
who analyzed the evidence Lieutenant Casko seized from Jones, testified about
the process she used to determine that the substance was crack cocaine.  All of this evidence tends to show that Jones
possessed approximately three grams of crack cocaine at the time of his arrest.  

          Jones
contested the indictment’s two enhancement paragraphs.  During the punishment phase of the trial, the
State introduced two penitentiary packets to the jury through Harris County
Sherriff’s Department Deputy Joe Noguera’s testimony.  He identified Jones as the person described
in the packets.  

          The
evidence admitted for the jury’s consideration did not involve parole.  Thus, we conclude beyond a reasonable doubt
that nothing in the evidence admitted for the jury’s consideration favors a
finding that the error contributed to Jones’s conviction or punishment. 

          2.  The nature of the evidence supporting the
jury’s verdict.

          Jones
does not contest the legal or factual sufficiency of the evidence supporting
his conviction and punishment.  The
testimony of Deputy Noguera combined with the penitentiary packets that
describe the time Jones spent in jail provide sufficient grounds for the jury
to have concluded that the two enhancement paragraphs were true.  The trial court’s instructions directed the
jury to consider a punishment between 25 and 99 years.  The jury assessed 35 years as punishment,
toward the minimum of the statutory range. 
The jury did not hear evidence about parole in general, nor did it hear
any evidence about how parole might affect Jones’s conviction or
punishment.  We conclude beyond a
reasonable doubt that nothing in the nature of the evidence favors a finding
that the error contributed to Jones’s conviction or punishment.

3.       
The
character of the error when considered in connection with other evidence in the
case, the jury instructions, the State’s theory and any defensive theories,
closing arguments, voir dire, and whether the State emphasized the error.

          

The trial court’s charge contained
the following jury instruction regarding parole:

It cannot accurately be predicted how the parole law
and good conduct time might be applied to this defendant if he is sentenced to
a term of imprisonment, because the application of these laws will depend on
decisions made by prison and parole authorities.

 

You may consider the existence of the parole law and
good conduct time.  However, you are not
to consider the extent to which good conduct time may be awarded to or
forfeited by this particular defendant. 
You are not to consider the manner in which the parole law may be
applied to this particular defendant.  

 

See Tex. Code
Crim. Proc. Ann. art. 37.07 § 4(a) (Vernon 2006).  

          No
party discussed parole after voir dire. 
Because a jury is presumed to follow the trial court’s instructions, it
is presumed that the jury did not consider parole.  See Colburn v. State, 966
S.W.2d 511, 520 (Tex. Crim. App. 1998). 
Yet, the very question Jones wanted to inquire about was whether the
venire could follow the court’s instruction about parole.  Nonetheless, when viewed in the context of
the evidence presented and the parties’ theories of the case, both during voir
dire and throughout the presentation of the evidence, parole was never an issue
in the case.  Jones had an opportunity to
question the venire members regarding the issues actually litigated and did not
object to the venire’s responses to those issues.  At voir dire, the court entertained and
granted nine challenges for cause from the defendant; Jones exercised all ten of
his peremptory challenges.  Nothing in
the record suggests that the jury empaneled was less than impartial. 

          The
State contends that the trial court’s instruction ameliorated any harm that
arose from the improper exclusion of the defendant’s question about
parole.  In response, Jones asks this
court to follow Loredo v. State, in which the Corpus Christi Court of
Appeals held that the trial court’s error in precluding the defendant from
questioning the venire about its ability to follow the parole law was
reversible error.  59 S.W.3d 289, 291–93
(Tex.
App.—Corpus Christi 2001, no pet.).  In Loredo,
the trial court instructed the jury on the pertinent parole law, using the same
charge as the trial court used in this case. 
Id.
at 292 (citing Tex. Code Crim. Proc.
Ann. art. 37.07 § 4).  The Loredo
court held that the right to ask questions of panel members is included in the
right to counsel and is of constitutional magnitude.  See id. at 292–93 (declining to decide
whether failure to allow questions concerning parole is structural error).  We disagree with the Loredo court’s
view that erroneous exclusion of a voir dire inquiry about parole is tantamount
to a deprivation of the constitutional right to an impartial jury, in a case in
which the parties present no evidence about parole and the jurors are not asked
to make any factual findings with regard to parole.[4]            

          Rather,
we presume the jury follows the trial court’s instructions in the manner
presented.  Colburn, 966
S.W.2d at 520 (presuming jury followed trial court’s supplemental jury instruction
not to consider parole in reaching verdict after jury sent note to trial court
asking about possibility of parole for life sentence in capital murder
trial).  The presumption is rebuttable,
but Jones does not rebut the presumption by pointing to any evidence that the
jury failed to follow the trial court’s instructions regarding parole.  See id.  For example, he did not file a motion for new
trial alleging juror misconduct, nor obtain a hearing to adduce facts not in
the record.  See id.

          Even if the presumption alone does
not negate the potential harm from error of a constitutional magnitude in the
context of voir dire, here, the trial court instructed the jury about parole
only to remind it not to consider parole in reaching its decision about the evidence
presented.  In this sense, counsel’s
question about parole is a more specific commitment that the venire members
would consider only the evidence presented. 
The instruction did not involve the application of the law to the facts
of the case as presented to the jury.  As
such, it presents less potential for a “partial” jury than one in which the
venire has been improperly committed “to prejudge some aspect of the case”
based upon certain facts that will be introduced before the jury.  See Sanchez, 165 S.W.3d at
712–13.

          We
hold that, beyond a reasonable doubt, the trial court’s error in refusing to
allow the proper question about parole did not contribute to Jones’s conviction
or punishment because parole in this case was not an issue that was actually litigated—the
jury heard no evidence about parole, nor was it required to make any finding
about it, nor did any party even mention parole.  We therefore conclude that the trial court’s
error in prohibiting defense counsel from asking the venire his proposed
question regarding parole was harmless, given the facts of this case.[5]

Conclusion

          We
hold that the trial court’s voir dire error, reviewed under the constitutional
harm analysis, was harmless.  We
therefore affirm the judgment of the trial court.  

                                                          Jane Bland

                                                          Justice

Panel
consists of Justices Taft, Jennings,
and Bland.

Publish.  Tex. R. App. P. 47.2(b).

 











[1] Jones also argued that the trial court erred in
denying his motion to suppress, but has since abandoned this argument during
the course of the appeal.  





[4]
Moreover, we distinguish this court’s opinion in Stringfellow v. State,
upon which the Loredo court relied. 
See Loredo v. State, 59 S.W.3d 289, 292 (Tex. App.—Corpus Christi 2001, no pet.)
(relying on Stringfellow v. State, 859 S.W.2d 451, 453 (Tex.
App.—Houston [1st Dist.] 1993, pet. ref’d)). 
In Stringfellow, we held that the trial court’s error in
precluding the defendant from questioning the venire members about their
ability to follow the court’s instructions on parole was reversible.  Stringfellow, 859 S.W.2d at 453–54
(“The failure of the trial court to permit a proper question on an issue
prevents the intelligent exercise of one’s peremptory challenges and is an
abuse of discretion, not subject to a harm analysis under Tex. R. App. P. 81(b)(2).”).  We decided Stringfellow before the
Court of Criminal Appeals issued its opinion in Gonzales, which held
that a trial court’s impermissible exclusion of a proper question during voir
dire is subject to a harmless error analysis. 
See Gonzales v. State, 994 S.W.2d 170, 171 (Tex. Crim. App.
1999).    





[5] See
Nathan v. State, 788 S.W.2d 942, 944 (Tex. App.—Fort Worth 1990, no
pet.) (holding that trial court’s instruction cured any error from venire
member’s improper comment about parole, absent showing that jury acted upon
it); McGee v. State, 35 S.W.3d 294, 300 (Tex. App.—Texarkana 2001, pet.
ref’d) (applying Rule 44.2(a) standard, concluding that denial of voir dire
about voluntariness of defendant’s statement was not harmful because “there was
no evidence offered that the voluntariness of the statement would have been a
factor or was a factor in the trial,” but finding harm under Rule 44.2(a) when
counsel was not allowed to voir dire venire panel about prior convictions when
counsel was trying to determine if any panel member was unwilling to follow law
concerning prior convictions that was applicable to case).