Charles Edward JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–03–00651–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 26, 2007.

Discretionary Review Refused
Dec. 12, 2007.

Nicole DeBorde, Houston, TX, for Appellant.

Charles A. Rosenthal, Jr., District Attorney, Kevin P. Keating, Assistant District Attorney, Houston, TX, for Appellee.

Panel consists of Justices TAFT, JENNINGS, and BLAND.

## OPINION ON REMAND

JANE BLAND, Justice.

A jury convicted Charles Edward Jones of possession of cocaine and assessed punishment at thirty-five years' confinement. On appeal, Jones contends that the trial court erred in refusing to allow his counsel to question the venire about parole.[1]

---

1. Jones also argued that the trial court erred in denying his motion to suppress, but has since abandoned this argument during the course of the appeal.

We initially affirmed the conviction in a memorandum opinion, holding that the trial court committed constitutional error, but that the error was harmless. *Jones v. State*, No. 01–03–00651–CR, 2004 WL 2113023 (Tex.App.-Houston [1st Dist.] Sept. 23, 2004). Then, we granted Jones's motion for rehearing and issued a second opinion in light of the Court of Criminal Appeals's decision in *Rich v. State*, 160 S.W.3d 575 (Tex.Crim.App.2005), again affirming the conviction, but this time under the harmless error analysis for nonconstitutional error. *Jones v. State*, No. 01–03–00651–CR, 2005 WL 3986068 (Tex.App.-Houston [1st Dist.] July 28, 2005). After Jones petitioned the Court of Criminal Appeals for discretionary review, we reconsidered the applicable harmless error analysis in the interest of conforming to our own intervening decision in *Wappler v. State*, 183 S.W.3d 765 (Tex.App.-Houston [1st Dist.] 2005, pet. ref'd), and attempted to issue a third opinion, but, because it issued more than 30 days after Jones had filed his petition for discretionary review, it was ordered withdrawn. *See Jones v. State*, No. PD–0230–06, 2006 WL 1162324, —— S.W.3d —— (Tex.Crim.App. May 3, 2006).

The Court of Criminal Appeals granted Jones's petition for discretionary review, clarifying that refusal to allow questioning of individual prospective jurors regarding consideration of parole eligibility is indeed constitutional error. *Jones v. State*, 223 S.W.3d 379, 382 (Tex.Crim.App.2007). Accordingly, the Court of Criminal Appeals reversed this court's judgment and remanded the case for disposition consistent with its holding. *Id.; see* Tex.R.App. P. 44.2(a).

## Background

Lieutenant Stephen Casko of the Houston Police Department stopped a car because the driver had not maintained a single lane of traffic. Jones was a passenger in the car, and Jones's brother was the driver. Lieutenant Casko identified the car's occupants and checked their names for outstanding warrants. Because he did not receive a report indicating any outstanding warrants, Lieutenant Casko ended the stop and allowed the driver to continue driving.

Lieutenant Casko's computer system had been having problems that night. About an hour after he had released Jones and his brother, Lieutenant Casko received a delayed notification that Jones had an outstanding warrant for his arrest. Lieutenant Casko went to Jones's house, found Jones in the front yard, and placed him under arrest. Lieutenant Casko searched Jones. During the search, Lieutenant Casko found a crack pipe in Jones's left pocket and a pill bottle containing 24 rocks of crack cocaine in his right pocket.

## Questioning of the Venire about Parole

■ Jones contends the trial court erred in refusing to allow his counsel to question the venire about parole. Specifically, defense counsel asked the venire, in a group setting, the following question:

If I'm correct on the law, you may receive a jury instruction from the court that you are not to discuss nor consider the matter of parole in any kind of sentence you assess. I would like to ask, is there a juror here who would be unable to follow that instruction[?]

The State objected to the question, the trial court sustained the objection, and defense counsel noted its exception to the ruling. A trial court abuses its discretion if it denies defense counsel the right to ask prospective jurors a proper question because such a denial prevents the defendant from intelligently exercising his peremptory strikes. *Barajas v. State*, 93 S.W.3d 36,

38–39 (Tex.Crim.App.2002); *Smith v. State,* 703 S.W.2d 641, 643 (Tex.Crim.App. 1985). This was a proper question, and the trial court erred in refusing it.

Under Rule 44.2(a), a court of appeals must reverse unless it determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment. Tex.R.App. P. 44.2(a). We therefore must decide whether, beyond a reasonable doubt, the trial court's erroneous refusal to allow defense counsel to question the jury panel about parole did not contribute to the conviction or punishment in this case. For the reasons we discuss, we conclude that it did not.

In *Rich,* the Court of Criminal Appeals set forth guidelines for evaluating the harm resulting from the failure to allow a proper voir dire question: whether, upon review of the entire record, anything evidences harm, including: (1) any testimony or physical evidence .admitted for the jury's consideration; (2) the nature of the evidence supporting the verdict; (3) the character of the alleged error and how it might be considered in connection with other evidence in the case; (4) the jury instructions; (5) the State's theory and any defensive theories; (6) closing arguments; (7) voir dire; and (8) whether the State emphasized the error. 160 S.W.3d at 577–78. Using the heightened Rule 44.2(a) standard of review, we consider these factors.

*1. Evidence admitted for the jury's consideration.*

The jury did not hear evidence regarding the availability of parole during the guilt/innocence phase of the trial nor during the punishment phase. Including the evidence presented during both phases of trial, the jury considered the testimony of four witnesses, physical evidence of the confiscated drugs and drug paraphernalia, the warrant for Jones's arrest, and two penitentiary packets. Vernon Jones, Jones's younger brother, testified about the traffic stop but was not present at, and thus did not comment about, Jones's arrest for drug possession. Lieutenant Casko testified regarding the events leading up to Jones's arrest, the circumstances of the arrest, the discovery of the crack cocaine, and the process followed to ensure the integrity of the physical evidence. Connie Dieringer, the chemist at the Houston Police Department crime lab who analyzed the evidence Lieutenant Casko seized from Jones, testified about the process she used to determine that the substance was crack cocaine. All of this evidence tends to show that Jones possessed approximately three grams of crack cocaine at the time of his arrest.

Jones contested the indictment's two enhancement paragraphs. During the punishment phase of the trial, the State introduced two penitentiary packets to the jury through Harris County Sherriff's Department Deputy Joe Noguera's testimony. He identified Jones as the person described in the packets.

The evidence admitted for the jury's consideration did not involve parole. Thus, we conclude beyond a reasonable doubt that nothing in the evidence admitted for the jury's consideration favors a finding that the error contributed to Jones's conviction or punishment.

*2. The nature of the evidence supporting the jury's verdict.*

Jones does not contest the legal or factual sufficiency of the evidence supporting his conviction and punishment. The testimony of Deputy Noguera combined with the penitentiary packets that describe the time Jones spent in jail provide sufficient grounds for the jury to have concluded that the two enhancement paragraphs were true. The trial court's instructions

directed the jury to consider a punishment between 25 and 99 years. The jury assessed 35 years as punishment, toward the minimum of the statutory range. The jury did not hear evidence about parole in general, nor did it hear any evidence about how parole might affect Jones's conviction or punishment. We conclude beyond a reasonable doubt that nothing in the nature of the evidence favors a finding that the error contributed to Jones's conviction or punishment.

*3. The character of the error when considered in connection with other evidence in the case, the jury instructions, the State's theory and any defensive theories, closing arguments, voir dire, and whether the State emphasized the error.*

The trial court's charge contained the following jury instruction regarding parole:

> It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.
>
> You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

*See* TEX. CODE CRIM. PROC. ANN. art. 37.07 § 4(a) (Vernon 2006).

No party discussed parole after voir dire. Because a jury is presumed to follow the trial court's instructions, it is presumed that the jury did not consider parole. *See Colburn v. State*, 966 S.W.2d 511, 520 (Tex.Crim.App.1998). Yet, the very question Jones wanted to inquire about was whether the venire could follow the court's instruction about parole. Nonetheless, when viewed in the context of the evidence presented and the parties' theories of the case, both during voir dire and throughout the presentation of the evidence, parole was never an issue in the case. Jones had an opportunity to question the venire members regarding the issues actually litigated and did not object to the venire's responses to those issues. At voir dire, the court entertained and granted nine challenges for cause from the defendant; Jones exercised all ten of his peremptory challenges. Nothing in the record suggests that the jury empaneled was less than impartial.

The State contends that the trial court's instruction ameliorated any harm that arose from the improper exclusion of the defendant's question about parole. In response, Jones asks this court to follow *Loredo v. State*, in which the Corpus Christi Court of Appeals held that the trial court's error in precluding the defendant from questioning the venire about its ability to follow the parole law was reversible error. 59 S.W.3d 289, 291–93 (Tex.App.-Corpus Christi 2001, no pet.). In *Loredo*, the trial court instructed the jury on the pertinent parole law, using the same charge as the trial court used in this case. *Id.* at 292 (citing TEX. CODE CRIM. PROC. ANN. art. 37.07 § 4). The *Loredo* court held that the right to ask questions of panel members is included in the right to counsel and is of constitutional magnitude. *See id.* at 292–93 (declining to decide whether failure to allow questions concerning parole is structural error). We disagree with the *Loredo* court's view that erroneous exclusion of a voir dire inquiry about parole is tantamount to a deprivation of the constitutional right to an impartial jury, in a case in which the parties present no evidence about parole and the jurors are not

asked to make any factual findings with regard to parole.[2]

■ Rather, we presume the jury follows the trial court's instructions in the manner presented. *Colburn*, 966 S.W.2d at 520 (presuming jury followed trial court's supplemental jury instruction not to consider parole in reaching verdict after jury sent note to trial court asking about possibility of parole for life sentence in capital murder trial). The presumption is rebuttable, but Jones does not rebut the presumption by pointing to any evidence that the jury failed to follow the trial court's instructions regarding parole. *See id.* For example, he did not file a motion for new trial alleging juror misconduct, nor obtain a hearing to adduce facts not in the record. *See id.*

Even if the presumption alone does not negate the potential harm from error of a constitutional magnitude in the context of voir dire, here, the trial court instructed the jury about parole only to remind it not to consider parole in reaching its decision about the evidence presented. In this sense, counsel's question about parole is a

more specific commitment that the venire members would consider only the evidence presented. The instruction did not involve the application of the law to the facts of the case as presented to the jury. As such, it presents less potential for a "partial" jury than one in which the venire has been improperly committed "to prejudge some aspect of the case" based upon certain facts that will be introduced before the jury. *See Sanchez*, 165 S.W.3d at 712–13.

We hold that, beyond a reasonable doubt, the trial court's error in refusing to allow the proper question about parole did not contribute to Jones's conviction or punishment because parole in this case was not an issue that was actually litigated— the jury heard no evidence about parole, nor was it required to make any finding about it, nor did any party even mention parole. We therefore conclude that the trial court's error in prohibiting defense counsel from asking the venire his proposed question regarding parole was harmless, given the facts of this case.[3]

2. Moreover, we distinguish this court's opinion in *Stringfellow v. State*, upon which the Loredo court relied. *See Loredo v. State*, 59 S.W.3d 289, 292 (Tex.App.-Corpus Christi 2001, no pet.) (relying on *Stringfellow v. State*, 859 S.W.2d 451, 453 (Tex. App.-Houston [1st Dist.] 1993, pet. ref'd)). In *Stringfellow*, we held that the trial court's error in precluding the defendant from questioning the venire members about their ability to follow the court's instructions on parole was reversible. *Stringfellow*, 859 S.W.2d at 453–54 ("The failure of the trial court to permit a proper question on an issue prevents the intelligent exercise of one's peremptory challenges and is an abuse of discretion, not subject to a harm analysis under Tex.R.App. P. 81(b)(2)."). We decided *Stringfellow* before the Court of Criminal Appeals issued its opinion in *Gonzales*, which held that a trial court's impermissible exclusion of a proper question during voir dire is subject to a harmless error analy-

sis. *See Gonzales v. State*, 994 S.W.2d 170, 171 (Tex.Crim.App.1999).

3. *See Nathan v. State*, 788 S.W.2d 942, 944 (Tex.App.-Fort Worth 1990, no pet.) (holding that trial court's instruction cured any error from venire member's improper comment about parole, absent showing that jury acted upon it); *McGee v. State*, 35 S.W.3d 294, 300 (Tex.App.-Texarkana 2001, pet. ref'd) (applying Rule 44.2(a) standard, concluding that denial of voir dire about voluntariness of defendant's statement was not harmful because "there was no evidence offered that the voluntariness of the statement would have been a factor or was a factor in the trial," but finding harm under Rule 44.2(a) when counsel was not allowed to voir dire venire panel about prior convictions when counsel was trying to determine if any panel member was unwilling to follow law concerning prior convictions that was applicable to case).

## Conclusion

We hold that the trial court's voir dire error, reviewed under the constitutional harm analysis, was harmless. We therefore affirm the judgment of the trial court.