Opinion issued June 16, 2011

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00397-CR

———————————

Travious Demond Lastrapes, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 228th District Court

Harris County, Texas



Trial Court Case No. 1214852

 



 

MEMORANDUM OPINION

          A
jury convicted appellant, Travious Demond Lastrapes, of the second degree
felony offense of delivery of a controlled substance, cocaine, weighing between
one and four grams.[1]  After appellant pleaded true to the
allegations in an enhancement paragraph, the trial court assessed punishment at
twelve years’ confinement.  In one issue,
appellant contends that the trial court erred in refusing to allow defense
counsel to ask the venire during voir dire whether a witness with a criminal
history “has less rights” and “shouldn’t be believed.”

          We
affirm.

Background

          On
April 7, 2009, Houston Police Department (“HPD”) Officer R. Lara, a member of
the HPD Narcotics Division working undercover, received information that an
individual named “Trae” was selling narcotics in Kingwood.  Officer Lara called Trae and arranged to
purchase $100 worth of cocaine at a local gas station.  After he had arrived at the designated
meeting place, Officer Lara received a phone call instructing him to approach a
car parked behind the gas station.  The
driver of the car identified himself as “Trae” and told Officer Lara to get in
the back seat of the car.  Trae handed
Officer Lara a cigarette box containing what appeared to be crack cocaine.  Officer Lara thanked Trae, handed $100 to an
unidentified man sitting in the passenger seat, and arranged for another
transaction to occur at a later date.  Once
Trae left the gas station, Officer Lara field-tested the substance, which
tested positive as cocaine.[2]  Officer Lara identified appellant in court as
“Trae.”

          After
the transaction, HPD Sergeant L. Bronikowski, who had observed Officer Lara
meeting with appellant, followed appellant’s car, hoping to discover his source
for the cocaine.  Sergeant Bronikowski
also identified appellant in court as the driver of the car.  Appellant engaged in another drug transaction
with Officer Lara at a later date, and Sergeant Bronikowski again followed
appellant after this transaction.  HPD officers
stopped appellant after he committed a traffic violation and arrested him for
delivery of a controlled substance.

          During
voir dire, defense counsel posed the following question to the venire:

[W]hat about if a person has
been convicted before in the past of a crime? 
You know, some people believe that once a person has been convicted of a
crime before in the past, that person can never be believed again.  He won’t be telling the truth.  That person is a liar.  Does anyone feel like that?  If a person has a past, if he’s been
convicted before, you know, that person just for whatever reason cannot be
trusted or won’t be telling the truth?

 

Defense counsel asked each row of the venire whether
anyone agreed with that sentiment.  As
defense counsel asked each row, a veniremember asked whether defense counsel
was referring to someone who had been convicted or merely been indicted in the
past.  Defense counsel clarified:

In this question I’m talking
about a conviction.  Let’s say—let’s
say the person has a past and he’s been convicted before of a crime, not a drug
crime, any crime.  Would that—would
that put in your mind that the person can’t be trusted or believed?

 

          At
this point, the trial court interrupted and informed the venire that if a
witness testified and it was appropriate for the jury to learn about any prior
convictions of that witness, then:

[T]hat’s something that the
jury—a jury could consider in determining the credibility of that
witness.  But it does not determine
whether or not they’re a credible witness or not.  But it’s something that a jury can and should
consider.

 

Defense counsel then asked:  “Does anyone believe that [a person who has
committed a crime] should have less rights than anyone else, no matter what the
crime was in the past?”  The trial court
again interrupted and asked what defense counsel meant by “less rights.”  Defense counsel clarified:  “It goes to the fact of mainly having less
rights in the sense that they believe—kind of goes to my last question, that they shouldn’t be believed or—”

          The trial court then interrupted a
third time and stated:

Okay.  Again, that’s—that’s a
commitment question.  The question—but
the point is the State has to prove every case beyond a reasonable doubt.  Doesn’t matter who the person is.  But you can always consider a person’s—if
appropriate, then you can consider [a prior conviction] for determining
truthfulness or credibility. . . .  The only time that
character becomes an issue of the accused is if the accused should, let’s say,
take the stand and testify.  And then
just like anybody else that takes the stand, then their criminal history and so
forth is something that a jury can consider.

 

The trial
court then explained basic principles behind the consideration of character
evidence.  In response to a question from
a veniremember, the court stated that the jury might not learn about any prior
convictions of the defendant and reiterated that the State must prove its case
beyond a reasonable doubt and it “can’t prove that based on somebody’s
character.”

          The
trial court repeatedly emphasized, over five pages in the voir dire record,
that, generally, prior convictions are not admissible, and that the State could
only present character evidence if the defendant had first placed his character
at issue.  After the trial court
concluded this discussion, defense counsel moved on and asked the veniremembers
whether they would automatically believe the testimony of a police officer.

          The
jury found appellant guilty of the offense of delivery of a controlled
substance.  After appellant pleaded true
to the allegations in an enhancement paragraph, the trial court assessed
punishment at twelve years’ confinement.

Refusal to Allow Commitment Question

          In
his sole issue, appellant contends that the trial court erroneously refused to
allow defense counsel to ask the proper question of whether the veniremembers
believed that a witness with a criminal history should have “less rights” and
“shouldn’t be believed.”  According to
appellant, the trial court “would not permit defense counsel to pose his
question because it was ‘a commitment question.’”  The State contends that “the record shows
that the judge did not actually disallow any questions by appellant’s attorney”
and that, even if the trial court did err, appellant cannot demonstrate harm
because the trial court allowed defense counsel to ask the venire a
substantively identical question before the question at issue here.  We agree with the State.

          The trial
court has broad discretion over the process of selecting a jury.  Barajas
v. State, 93 S.W.3d 36, 38 (Tex. Crim. App. 2002).  A trial court commits error if it prohibits
defense counsel from asking “proper” voir dire questions.  Rhoades
v. State, 934 S.W.2d 113, 118–19 (Tex. Crim. App. 1996); Jones v. State, 264 S.W.3d 26, 27 (Tex.
App.—Houston [1st Dist.] 2007, pet. ref’d) (“A trial court abuses its
discretion if it denied defense counsel the right to ask prospective jurors a
proper question because such a denial prevents the defendant from intelligently
exercising his peremptory strikes.”).  To
preserve error regarding the manner of voir dire, the record must reflect a
proper question which the trial court has not allowed to be answered.  Dhillon
v. State, 138 S.W.3d 583, 589 (Tex. App.—Houston [14th Dist.] 2004, no
pet.) (citing S.D.G. v. State, 936
S.W.2d 371, 380 (Tex. App.—Houston [14th Dist.] 1996, writ denied)).  “In addition, to preserve error under these
circumstances, a party must obtain a ruling on the question [disallowed by the
trial court].”  Id. at n.6; see also Caldwell
v. State, 818 S.W.2d 790, 794 (Tex. Crim. App. 1991) (“Appellant failed to
preserve a reviewable error in two respects: 
first, he never presented the trial court with a specific question;
second, he failed to obtain an adverse ruling as to that question.”), overruled on other grounds, Castillo v. State, 913 S.W.2d 529 (Tex.
Crim. App. 1995).

          In
most instances in which an appellant contends that the trial court erroneously
disallowed defense counsel’s proper voir dire question, the State objected to
the question and the trial court sustained the objection.  See,
e.g., Nunfio v. State, 808 S.W.2d
482, 484 (Tex. Crim. App. 1991), overruled
on other grounds, Barajas, 93
S.W.3d 36; Jones, 264 S.W.3d at 27.  Here, defense counsel was in the process of
clarifying to the trial court what he meant by whether people with criminal
histories should have “less rights” when the trial court interrupted, told
defense counsel that his question was “a commitment question,” and informed the
venire that the State always had to prove its case beyond a reasonable doubt
and that, when appropriate, the jury should consider a witness’s criminal
history in determining truthfulness and credibility.  The trial court did not sustain an objection
to defense counsel’s question, it did not inform defense counsel that he was
attempting to ask an improper commitment question, and it did not require
defense counsel to move on to a new line of inquiry with the venire.  Instead, the trial court continued
discussing, and answered two questions from prospective jurors regarding, when a
jury could consider character evidence and a witness’s criminal history.[3]  At the conclusion of the trial court’s
discussion, defense counsel did not return to his original question regarding
whether jurors would disbelieve a witness with a criminal history; rather, he
began asking the veniremembers whether they would automatically believe the
testimony of a police officer.

          We
agree with the State that the voir dire record does not reflect that the trial
court disallowed defense counsel’s question or that the trial court made an
adverse ruling on whether defense counsel could ask his question.  Because defense counsel did not obtain an
adverse ruling on his question, we conclude that appellant did not preserve his
complaint that the trial court erroneously refused to allow a proper voir dire
question for appellate review.  See Caldwell, 818 S.W.2d at 794; Dhillon, 138 S.W.3d at 589; see also Word v. State, 206 S.W.3d 646,
651–52 (Tex. Crim. App. 2006) (“It is usually the appealing party’s burden to
present a record showing properly preserved reversible error.”); Ortiz v. State, 144 S.W.3d 225, 230
(Tex. App.—Houston [14th Dist.] 2004, pet. ref’d) (“[The appellant] is required
to develop the record to show the nature and source of error and, in some
cases, its prejudice to him.”).

          Moreover,
even if the trial court erroneously refused to allow defense counsel to ask a
proper question regarding whether the veniremembers believed that a witness
with a criminal history had “less rights” and “shouldn’t be believed,” we would
conclude that the error was harmless because the trial court allowed defense
counsel to ask a substantively identical question.  See
Woods v. State, 152 S.W.3d 105, 110 (Tex. Crim. App. 2004) (“The trial
court’s denial of a proper [voir dire] question in this case did not have a
substantial or injurious effect or influence in determining the jury’s verdict
because defense counsel was able to ask [the prospective juror] essentially the
same question.”); Rachal v. State,
917 S.W.2d 799, 815 (Tex. Crim. App. 1996) (“Without addressing the propriety
of appellant’s question, we hold that the court’s prohibition was harmless
beyond a reasonable doubt.  According to
the record, without objection from the State, the venireman answered
appellant’s question about what he understood the meaning of a life sentence to
be as part of appellant’s next question.”).[4]

          Here,
before defense counsel asked the question at issue, the trial court allowed
defense counsel to pose the following question to the venire:

[W]hat about if a person has
been convicted before in the past of a crime? 
You know, some people believe that once a person has been convicted of a
crime before in the past, that person can never be believed again.  He won’t be telling the truth.  That person is a liar.  Does anybody feel like that?  If a person has a past, if he’s been
convicted before, you know, that person just for whatever reason cannot be
trusted or won’t be telling the truth.

 

Defense counsel asked the veniremembers “by row”
whether they agreed that they would not believe a witness who had a criminal
history.

          We
conclude that this question was substantively identical to the question that
appellant claims the trial court erroneously refused.  Both questions sought to determine whether a
veniremember would automatically disbelieve a witness’s testimony upon learning
that the witness had a criminal history. 
Because the trial court allowed defense counsel to ask essentially the
same question as the desired question, we hold that appellant has not
demonstrated that he was harmed by the trial court’s alleged erroneous refusal
of a proper question.[5]  See
Woods, 152 S.W.3d at 110 (holding denial of question did not have
“substantial or injurious effect or influence” on verdict); Rachal, 917 S.W.2d at 815 (holding trial
court’s denial harmless beyond a reasonable doubt); see also Franklin v. State, 138 S.W.3d 351, 354 (Tex. Crim. App.
2004) (holding that “right to question veniremembers in order to intelligently
exercise peremptory challenges and challenges for cause” is “essential” to
guarantee of assistance of counsel and trial before impartial jury).

          We
overrule appellant’s sole issue.

Conclusion

          We
affirm the judgment of the trial court.

 

 

                                                                   Evelyn
V. Keyes

                                                                   Justice


 

Panel
consists of Justices Keyes, Higley, and Yates.[6]

Do
Not Publish.  Tex. R. App. P. 47.2(b).











[1]
          Tex. Health & Safety Code Ann. §§ 481.102(3)(D),
481.112(c) (Vernon 2010).

 





[2]
          HPD chemist Rosara Rodriguez
tested the substance and confirmed Officer Lara’s field-test.  She testified that the substance tested
positive for 1.9 grams of cocaine.





[3]
          The record suggests that defense
counsel welcomed the trial court’s explaining the proper consideration of a
witness’s criminal history:

 

The Court:                 As soon
as [the defense says] this is somebody you should trust, then the law is that
can be rebutted if there is evidence to rebut such an assertion.  And that may be in the form of a
conviction. . . .

 

[Defense counsel]:   What
[the trial court] said.





[4]
          See
also Storey v. State, No. AP-76018, 2010 WL 3901416, at *13 (Tex. Crim.
App. Oct. 6, 2010) (not designated for publication) (“Should a proffered
question be erroneously denied during individual voir dire, the error is
subject to a harm analysis. . . .  We have found no
harm in cases where the record reflects that counsel was able to ask the
venireman a question that was essentially the same as the desired question, or
to elicit the same information that the desired question sought to elicit.”).





[5]
          Furthermore, we note that it is
within the trial court’s discretion to refuse questions that are “duplicitous
or unnecessary.”  Penry v. State, 903 S.W.2d 715, 739 (Tex. Crim. App. 1995) (citing Guerra v. State, 771 S.W.2d 453, 467
(Tex. Crim. App. 1988)).





[6]
          The Honorable Leslie Yates,
retired Justice, Fourteenth Court of Appeals, sitting by assignment.  See
Tex. Gov’t Code Ann.
§ 74.003(b) (Vernon 2005).